NO. 07-07-0015-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 29, 2007
                                       ______________________________

CHRISTOPHER ZEISS, APPELLANT

V.

CITIBANK (SOUTH DAKOTA) N.A., APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2005-597553; HONORABLE PAULA LANEHART, JUDGE
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Christopher Zeiss, perfected an appeal from the trial court’s order
granting Citibank’s Motion for Summary Judgment. The parties have filed a Joint Motion
to Dismiss Appeal asserting that the parties have reached a settlement agreement. The
joint motion requests that this court vacate the trial court’s judgment without regard to the
merits and dismiss the appeal. This disposition is authorized by rules 42.1(a)(2)(A) and
43.2(e) of the Texas Rules of Appellate Procedure. Finding the motion complies with the
requirements of rules 6.6 and 42.1(a), we vacate the judgment of the trial court and dismiss
the appeal in conformity with the parties’ agreement.
          Having disposed of this appeal at the parties’ request, we will not entertain a motion
for rehearing and our mandate shall issue forthwith.
 
 
                                                                Per Curiam



6667in">          Issue 2 - Sufficiency of the Evidence 
          Next, appellant challenges the legal and factual sufficiency of the evidence to
support the conviction. The standards by which we review the same are well established,
and we refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) for a review of
them.
          A person commits aggravated sexual assault if he intentionally or knowingly causes
the penetration of the sexual organ of another person by any means, without that person’s
consent, and in the course of which he uses or exhibits a deadly weapon. Tex. Pen. Code 
Ann. §22.021(a)(1)(A)(I) & (2)(A)(iv) (Vernon Supp. 2007). In this instance, the deadly
weapon alleged in the indictment was a knife. 
          At trial, the complainant testified that appellant had been visiting her and then
became angry and stated that he was “going to teach this bitch a lesson.” Appellant took
out a butterfly knife and a pocket knife that he had with him and held the knives up to her
while striking her. He cut off her bra and underwear with one of the knives, made her sit
in a chair, and forced her to perform oral sex while holding the knives and threatening to
slit her throat. Appellant next penetrated the complainant’s vagina with his penis. The
complainant was lacerated by the knives both before and after the rape. 
          The complainant’s testimony alone, if believed, is sufficient to sustain the conviction.
Benton v. State, 237 S.W.3d 400, 404 (Tex. App.–Waco 2007, pet. ref’d); Jensen v. State,
66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet. ref’d). Accordingly, a
rational trier of fact could have found beyond a reasonable doubt that appellant committed
the crime of aggravated sexual assault. 
          Appellant complains that the evidence is insufficient because 1) the complainant
stated she was attacked by a man who had tattoos on his wrists and forearms but
appellant testified he had no tattoos on his wrist or hands, 2) there are purported
inconsistencies in the testimony of Richard Gutierrez (who entered the house after the rape
but while the general assault was still occurring) and Anthony LeCroy (who was waiting for
Gutierrez outside in a vehicle), 3) the complainant failed to recite at trial that she had been
raped when first describing the events of that evening, 4) the police officers did not find a
cut bra or underwear, 5) there was a purported lack of clearly distinguishable blood on the
knives found and 6) the knives were not subjected to any testing. At best, these matters
created conflicts in the evidence and raised issues of witness credibility. As such, they
were for the jury to address and resolve. Given the complainant’s testimony and physical
wounds, her prior knowledge of appellant, her demeanor when the police arrived, and the
corroboration by Gutierrez of some of the events after the rape, we cannot say that the
evidence is too weak to support the verdict or so against the great weight and
preponderance of the evidence as to undermine our confidence in it. In short, the evidence
is both legally and factually sufficient. 
          The judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Do not publish.